William E. von Behren (Bar No. 106642)
BvonBehren@mmhllp.com
Frederic Esrailian (Bar No. 232799)
FEsrailian@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Plaintiff
OHIO NATIONAL LIFE ASSURANCE
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NOTE: CHANGES MADE BY THE COURT

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF LAP HUYNH and DENIKE THI HUYNH,<br><br>Defendant. | Case No. CV07-08056 AHM (FFMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF CONFIDENTIAL INFORMATION |

**IT IS HEREBY ORDERED** that:

1.  This Confidentiality Order (the "Order") shall govern the designation and handling of the Manual produced in this lawsuit.

2.  Unless otherwise ordered by the Court in this action, the Manual will be held by "the receiving party"[1] solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.  Experts referred to in paragraph 3(d) who have complied with the requirements of paragraph

---

[1] "The receiving party," "any person receiving the Manual" and "all parties" shall exclude the Court and Court personnel, nor is this order binding on non-party third parties who have neither had an opportunity to make their positions regarding such order known to the Court nor agreed in writing to be bound by the terms of this Stipulated Protective Order.

4 hereof may review and retain the Manual for purposes of study, analysis, and preparation in connection with the case.

3. Except with the prior written consent of Plaintiff, or upon prior order of this Court obtained upon notice to counsel for all parties, the Manual shall not be disclosed by Defendant to any person other than:

 (a) counsel of record for the Defendant in this action;

 (b) employees or independent contractors of the Defendant's law firm;

 (c) Defendant;

 (d) experts, consultants, or advisors employed or utilized by Defendant's counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

 (e) noticed or subpoenaed deponents and their counsel;

 (f) prospective witnesses or other persons who, in the judgment of counsel for Defendant, require the Manual for the purpose of preparing their testimony, preparing for trial, or advising and assisting counsel in connection with the processing of the litigation.

The Manual may be shown to any person listed in subparagraphs (d) and (f) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").  Plaintiff may produce the Manual to any person or entity, with or without any conditions to such disclosure, as it deems appropriate.

4. Counsel for the Defendant shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 3. These Certifications need not be disclosed to the opposing parties absent further order of the Court.

5. "Any person receiving the Manual"[2] shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

6. Plaintiff shall not be obligated to challenge the propriety of the Manual at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that Defendant objects at any stage of these proceedings to the propriety of a designation by Plaintiff of the Manual as Confidential, the parties shall attempt first to dispose of the dispute in good faith on an informal basis. If the dispute cannot be resolved, Defendant may seek appropriate relief from this Court pursuant to Local Rule 37, and Defendant shall have the burden of being the moving party pursuant to said Local Rule.

7. All provisions of this Order restricting the communication or use of the Manual shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or further order of the Court. However, any amendment or modification to this Stipulated Protective Order must be approved by the Court, pursuant to a Court Order, to be enforceable.

8. After the final termination of this action, including all appeals, the Manual and all copies made thereof shall either (a) be returned promptly to Plaintiff, or (b) be destroyed, and certificate to that effect shall be provided to Plaintiff. However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.

9. This Order shall govern the handling of the Manual through discovery related pretrial court proceedings. Issues relating to the presentation of evidence presented at any non-discovery related pretrial court proceedings and/or trial will be

---

[2] Please refer to footnote # 1.

1  addressed by the judicial officer conducting such proceedings at the appropriate
2  time.

3  　　　10.　Entry of this Order shall be without prejudice to any application for
4  relief from any restriction contained herein or for any order compelling or further
5  restricting the production, exchange, or use of any document, testimony,
6  interrogatory response, or other information produced, given, or exchanged in the
7  course of pretrial discovery in this action.

8  　　　11.　This Order does not operate as an agreement by any party to produce
9  any or all documents and/or information demanded or requested by another party.
10 Nothing herein shall be deemed to waive any applicable privilege or be construed as
11 an acknowledgment of the applicability of any privilege.

12 　　　12.　"All persons"[3] bound by this Order are hereby notified that if this
13 Order is in any manner violated, the person or entity who commits such violation
14 shall be subject to such sanctions as the Court, on motion and after a hearing, deems
15 just.  There shall be no other remedy, penalty or damages imposed on or recoverable
16 from the parties, their attorneys, representatives, or assigns, or any cause of action or
17 penalty arising out of a violation of this Order except as stated herein.

18 　　　The Court retains jurisdiction to make such amendments, modifications, and
19 additions to this Order as it may from time to time deem appropriate.

20 　　　**Nothing herein should be construed as limiting the rights of third parties**
21 **involved in other actions to conduct discovery absent motion for a protective**
22 **order in such other proceedings.**

23

24 Dated: October 2, 2008　　　　　　　　/S/ FREDERICK F. MUMM　　　　．
                                      HON. FREDERICK F. MUMM, UNITED
25                                     STATES MAGISTRATE JUDGE

26
27
28

---

[3] Please refer to footnote # 1.